IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ERICK MICHAEL BROWN, #20127-179** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:21cv768** |
| § | **CRIMINAL ACTION NO. 4:19cr1(4)** |
| **UNITED STATES OF AMERICA** § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation (Dkt. #4) recommending that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant filed objections (Dkt. #8).

In his objections, Movant asserts that he is entitled to equitable tolling based on being on lockdown due to Covid-19. While it is indisputable that the Covid-19 pandemic has caused disruptions, Movant fails to detail how it prevented him from timely filing his § 2255 motion. Indeed, courts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition. *See, e.g., White v. Director, TDCJ-CID*, No. 6:19-v-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021)*, report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not prevent petitioner from filing timely). A petitioner's failure to explain how the Covid-19 pandemic prevented him from timely seeking relief should be dismissed with prejudice as time-barred. *See, e.g., Tillson v. Director,*

*TDCJ-CID*, No. 3:21-cv-789-X-BN, 2021 WL 2211351 (N.D. Tex. May 3, 2021).

In support of his claim, Movant provides a Memorandum from the Federal Correctional Institution ("FCI") in Marianna, Florida (Dkt. #8-1). In it, "S. Register, Case Manager," states that Movant was housed in the Special Housing Units beginning January 29, 2019, through March 26, 2020; April 10, 2020, through June 25, 2020; and July 30, 2020, through August 19, 2020. From the time that Movant's conviction became final – on March 11, 2020 – until his § 2255 motion was due, this FCI Memorandum accounts for 111 days. He does not explain why he was unable to file his § 2255 motion in the remaining 254 days. Movant provides nothing to show that his being housed in Special Housing Units during the Covid-19 pandemic prevented him from timely filing, and absent evidence in the record, a habeas petitioner is not entitled to relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 5th Cir. 1983).

In sum, Movant failed to timely file his § 2255 motion, and he has not shown any valid basis upon which to equitably toll the statute of limitations. He fails to show that "rare and extraordinary circumstances prevented him from timely filing, *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999), or that he exercised due diligence. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Movant filed his motion more than six months beyond the limitations deadline; accordingly, the motion should be denied as time-barred.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and the objections of Movant are without merit, and hereby adopts the same as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. #1) pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 7th day of August, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE